JOURNAL AND OPINION
{¶ 1} Defendant-appellant, Clifford Allen, Jr., appeals from a common pleas court order sentencing him to consecutive terms of imprisonment in three separate criminal cases. He urges that due process precluded the court from applying the Supreme Court's decision in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856 here, and that the court erred by ordering consecutive sentences without making the appropriate findings under R.C. 2929.14(E)(4). We find no error in the proceedings below and affirm the trial court's decision.
 {¶ 2} Appellant entered guilty pleas in each of the three underlying cases on August 1, 2006. In Case No. 474390, appellant plead guilty to two counts of aggravated robbery, one of which carried a three-year firearm specification. In Case No. 468473, he likewise plead guilty to two counts of aggravated robbery, one of *Page 2 
which carried a three-year firearm specification. In Case No. 472090, appellant plead guilty to two counts of aggravated robbery.
 {¶ 3} On August 21, 2006, the court sentenced appellant to three years on the firearms specification in count one of Case No. 474390, to be served prior and consecutive to the sentence on the underlying charge. The court further sentenced appellant to a term of four years' imprisonment on each of the aggravated robbery counts, to be served concurrently with one another but consecutive to the sentences in Case Nos. 468473 and 472090. The court imposed exactly the same sentence in Case Nos. 468473. Finally, the court sentenced appellant in Case No. 472090 to a term of three years' imprisonment as to each aggravated robbery count, to be served concurrently with one another but consecutive to the sentences imposed in Case Nos. 474390 and 468473. Thus, appellant was ordered to serve a combined total of seventeen years' imprisonment in these three cases.
 {¶ 4} Appellant argues that the court erred by failing to make the findings required by R.C. 2929.14(E)(4) before imposing consecutive sentences on him. However, the Ohio Supreme Court in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, found unconstitutional the statutory requirement that the court make findings of fact before it may impose consecutive sentences, and severed that provision. After severance, judicial fact-finding is not required to impose consecutive sentences. Id. at T|99. Therefore, we must reject appellant's argument. *Page 3 
 {¶ 5} Appellant further argues that it is a violation of his due process rights to apply Foster's severance remedy to delete the statutory requirement that the court must make certain findings before it may impose consecutive sentences. Foster did not change the punishment that may be imposed on a defendant or allow the court to impose a greater punishment than was allowed before. Courts could impose consecutive sentences both before and after Foster. By removing both the presumption in favor of concurrent sentences and the fact-finding requirements to impose consecutive sentences, Foster did not take away any vested right. See, e.g., State v. Mallette, Cuyahoga App. No. 87984,2007 Ohio 715, ¶ [45. Therefore, Foster does not violate appellant's due process rights.
Affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 4 
 SEAN C. GALLAGHER, P.J., and ANN DYKE, J., CONCUR *Page 1